**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANTOS MOTO GUAZOZON, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>LAS PALMAS OF WICKER PARK INC, an Illinois corporation, LAS PALMAS RESTAURANT OF CHICAGO, INC., an Illinois corporation, and MARIA RIVERA, an individual,<br><br>Defendants. | ) | Case No. 1:18-cv-6849 |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Santos Moto Guazozon, ("Plaintiff" or "Moto"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complains against Defendants, Las Palmas of Wicker Park Inc. ("Las Palmas Wicker Park"), an Illinois corporation, Las Palmas Restaurant of Chicago, Inc. ("Las Palmas Chicago"), an Illinois corporation, and Maria Rivera ("Rivera") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq.*, for Defendants' failure to pay Plaintiff, and other similarly situated employees, all of their overtime compensation and unlawfully deducting thirty (30) minutes from work hours each day for meal

breaks they did not take. Plaintiff and other similarly situated employees are current and former dishwashers and other kitchen staff employees of Defendants' Las Palmas restaurant.

2. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Moto is a former employee of the Defendants' Las Palmas restaurant located at 1835 W. North Ave. in Chicago, Illinois. Plaintiff worked as a dishwasher and cleaner at Defendants' restaurant from approximately February 12, 2017 through May 5, 2018.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including cleaning products and tools, which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Las Palmas of Wicker Park Inc. is an Illinois corporation that operates the Las Palmas restaurant and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Defendant Las Palmas Restaurant of Chicago, Inc. is an Illinois corporation that also operates the Las Palmas restaurant and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

10. Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2017 and 2018.

11. Defendant Las Palmas of Wicker Park Inc. is registered in Illinois as a corporation and its president, secretary, registered agent, and principal office are located within this judicial district.

12. Defendant Las Palmas Restaurant of Chicago, Inc. is registered in Illinois as a corporation and its president, secretary, registered agent, and principal office are located within this judicial district.

13. Defendant Maria Rivera is the manager of the Las Palmas restaurant and she is also the President of the corporate defendants.

14. At all times relevant to this action, Defendant Maria Rivera possessed extensive oversight over the Las Palmas restaurant and business operations. Defendant Rivera was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

15. Upon information and belief, Defendant Rivera resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

16. Beginning in approximately April 2017, Plaintiff frequently worked at Defendants' restaurant in excess of forty (40) hours per week on a five (5) and six (6) day per week work schedule. Plaintiff typically did not work Tuesdays. However, Plaintiff did sometimes work Tuesdays when he worked a seven (7) day per week schedule. At times, Plaintiff would work sixteen (16) hour shifts on weekend days from 7:00 a.m.–11:00 p.m.

17. Defendants paid Plaintiff Moto on an hourly basis with the following rates: $10.50 per hour during the period from February 12, 2017 through April 23, 2017; $11.00 per hour from April 24, 2017 through May 5, 2018.

18. Defendants frequently did not compensate Plaintiff, and other non-exempt kitchen staff employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual work weeks.

19. Defendants frequently paid Plaintiff's overtime compensable hours at his straight-time hourly rate of pay.

20. Additionally, during Plaintiff's employment with Defendants, Defendants unlawfully deducted thirty (30) minutes per day from Plaintiff's work hours to account for a meal break. However, during the course of his employment with Defendants, Plaintiff and other kitchen staff employees were not permitted to take a meal break during their shifts.

21. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former dishwashers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

23. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former dishwashers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

24. Plaintiff and other similarly situated current and former dishwashers and kitchen staff employees worked more than forty (40) hours in individual workweeks and were frequently not compensated at a rate of one and one-half times their regular hourly rates of pay.

25. Plaintiff, and the other similarly situated dishwashers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to always pay overtime compensation to dishwashers and kitchen staff employees.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) frequently paying dishwashers and other kitchen staff employees at their straight-time rates of pay for all hours worked, including those in excess of forty (40) in a work week, and (b) deducting one-half hour per day from their work hours for lunch breaks which were not taken.

27. Defendants frequently failed to pay Plaintiff, and other similarly situated dishwashers and kitchen employees, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week, and Defendants failed to pay for the half-hour deducted from their work hours.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former dishwashers and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former dishwashers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendants, Las Palmas Wicker Park and Las Palmas Chicago, each are an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and each Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a). Defendants further constituted a single enterprise under the FLSA.

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt dishwashers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants frequently failed to pay overtime compensation even though Plaintiff and other kitchen staff employees were scheduled to work and did work more than forty (40) hours in a work week, and Defendants further avoided overtime wage obligations by willfully deducting one-half hour of work per shift while refusing to allow Plaintiff and other kitchen staff employees any meal break times during their shifts.

**WHEREFORE**, the Plaintiff, Santos Moto Guazozon, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Las Palmas of Wicker Park Inc., Las Palmas Restaurant of Chicago, Inc. and Maria Rivera, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

40. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

41. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

42. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

44. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Santos Moto Guazozon, prays for a judgment against Defendants, Las Palmas of Wicker Park Inc., Las Palmas Restaurant of Chicago, Inc. and Maria Rivera, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Chicago Minimum Wage Ordinance – Overtime Wages**

46. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

47. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

48. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

49. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

50. Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

**WHEREFORE**, the Plaintiff, Santos Moto Guazozon, prays for a judgment against Defendants, Las Palmas of Wicker Park Inc., Las Palmas Restaurant of Chicago, Inc. and Maria Rivera, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

51. Plaintiff hereby incorporate paragraphs 1 through 31 as though stated herein.

52. Plaintiff was an "employee" under the IWPCA, 820 ILCS § 115/2,

53. Plaintiff was not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

54. Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

55. During Plaintiff's employment, Defendants deducted thirty (30) minutes each day from Plaintiff's hours for meal breaks. However, Plaintiff was not allowed to take meal breaks and was specifically instructed by Defendants not to take meal breaks.

56. In violation of the Act, Defendants repeatedly made improper deductions from Plaintiff's paychecks for meal breaks that were not taken.

**WHEREFORE**, the Plaintiff, Santos Moto Guazozon, prays for a judgment against Defendants, Las Palmas of Wicker Park Inc., Las Palmas Restaurant of Chicago, Inc. and Maria Rivera, as follows:

A. A judgment in an amount to be determined at trial for all of the earned wages and agency withholding deposits due Plaintiff;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: October 11, 2018

Respectfully submitted,
Santos Moto Guazozon,
Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and known,

/s/ Timothy M. Nolan

One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com